George **SPIEGEL**, Appellant,

v.

**PUBLIC UTILITIES COMMISSION OF The DISTRICT OF COLUMBIA, D. C. Transit System, Inc., and Capital Transit Company, Appellees.**

No. 13633.

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1957.

Decided June 17, 1957.

Mr. Joseph J. Lyman for appellant.

Mr. Forbes W. Blair, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Joseph M. F. Ryan, Jr., Asst. U. S. Atty., at the time brief was filed, were on the brief for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

Mr. George Spiegel, appellant pro se.

Mr. Lloyd B. Harrison, Special Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Gen. Counsel of the Public Utilities Commission of the District of Columbia, and James W. Landerdale, Asst. Corp. Counsel, were on the brief, for appellee, Public Utilities Commission of the District of Columbia. Mr. George F. Donnella, Asst. Corp. Counsel, also entered an appearance for appellee.

Mr. W. V. T. Justis, Washington, D. C., with whom Messrs. F. Gloyd Awalt, Samuel O. Clark, Jr., Washington, D. C., and Harvey M. Spear, New York City, were on the brief, for appellee, D. C. Transit System, Inc.

Mr. Edmund L. Jones, Washington, D. C., was on the brief, for appellee, Capital Transit Company.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This case was before this court on an earlier appeal by the present appellant from a judgment of the District Court affirming an order dated January 20, 1954, of the Public Utilities Commission of the District of Columbia (hereinafter called the Commission) which granted a fare increase to Capital Transit Company hereinafter called Transit).[1] In fixing the fare increase, the Commission had adopted a rate base resting on the original cost basis, the opinion of the Commission in that regard reading in part:

"The Commission has in the past consistently stated, as the rate base, the amount reflecting the historical cost of property used and useful in the Company's transit operations in the District of Columbia, stated at the cost to the owner first devoting the properties to public use, less accumulated depreciation per books— plus a single working capital allowance in respect of the cost of materials and supplies. * * *

"For the purposes of the present proceedings, the Commission staff has developed on this method the amount of $23,420,691, representing the weighted investment in rate base property for the Future Annual Period, adjusted *inter alia* in respect of depreciation in accordance with the stipulation in [case mentioned], and allocated on a 93-plus % basis to the District of Columbia. * * * The Company, which had contended for certain higher amounts representing rate base in their exhibits and testimony, has accepted the figure thus developed by the Commission staff. * * *"

We reversed,[2] saying:

"Concluding, as we do, that the report and order of the Commission do not reflect an adequate statement of its reasons for adopting the original cost rate base, we must reverse the judgment of the District Court, with directions to remand the case to the Commission for such further action on its part as may be consistent with this opinion."

On remand, the Commission, without taking further testimony and after certain intermediate proceedings, certified to the District Court its supplementary findings and opinion, concluding that the

---

1. After remand, the franchise of Capital Transit Company was revoked by Congress, and authority was given the Commissioners of the District of Columbia (as distinguished from the Public Utilities Commission) to approve fares for the company for the remainder of its franchise. A fare increase was granted by the Commissioners, superseding that of the order originally and here appealed from. By order of the District Court, the D. C. Transit System, Inc., which has acquired all the assets and assumed all the liabilities of Capital Transit, was substituted in the place and stead of Capital Transit. In view of the disposition we make of the case, we need not pass on the correctness of the order of substitution.

2. Spiegel v. Public Utilities Comm. of Dist. of Columbia, 1955, 96 U.S.App.D.C. 307, 226 F.2d 29, 33.

result reached on the original order and the rates prescribed by that order were just and reasonable to the rate-payers and to Transit. The Commission's supplementary findings included the reasons which it held justified its use of the original cost rate base—among other things finding that that base was a realistic method based on known facts affording an equitable basis for balancing the interests of the riding public and of the investors; that neither local nor general economic conditions, nor the economic value of Transit's property had changed to such an extent as to warrant the adoption of any other method; and that the fares produced under this method were reasonable as compared with fares maintained in other comparable cities.

Appellant appealed to the District Court from the amended and supplementary findings. Appellant, the Commission and Transit filed motions for summary judgment, the question before the District Court thus being whether the Commission, as required by our remand, had set forth sufficient reasons, based on the record, to justify the use of an original cost rate base. The District Court filed an opinion,[3] holding that the Commission had balanced the interests of the investors with those of the riding public, and holding further that the findings and record adequately justified the use of the original cost rate base. The District Court entered judgment denying appellant's motion for summary judgment, granting those of the Commission and Transit, and affirming the order of the Commission as supplemented by its supplementary findings on remand.

On the former appeal, we did not have the record of the proceedings before the Commission or a statement of the reasons of the Commission for the adoption of the original cost rate base. We now have the benefit of the essential parts of the record, an adequate statement of the Commission's reasons for its adoption of the original cost rate base, and

the opinion of the District Court. We may now properly exercise our appellate function. It seems to us that the record discloses a rational and adequate basis for the conclusion reached, and that the reasons given by the Commission support its ruling.

It follows that the judgment of the District Court must be affirmed.

Affirmed.

3. Judge Morris' opinion is to be found in 145 F.Supp. at 679.